On rehearing.
Hurlbut, J.
We have again reviewed the record, briefs, and authorities cited, in this case, and are not convinced that this court committed any error in affirming the judgment below, and are satisfied with the authorities therein cited and the reasoning upon which the opinion is based.
Upon the oral argument had after the petition for rehearing had been granted, appellant for the first time strongly contends that under the act of 1902, which became operative March 22nd of that year, the affidavit of publication of Dornblaser was in every way in conformity with that act, and that inasmuch as this suit was begun after that act went into effect the court below erred in excluding said affidavit from evidence.
*524 It appears that sec. 160 of said act of 1902 repealed sec. 3884, Mills’ Annotated Statutes, in one important particular, namely, it provides:
“Every publisher or printer who shall publish such list and notice shall, immediately after the last publication thereof, transmit to the. treasurer of the proper county an affidavit of such publication made by such publisher, printer, or some other person to whom the fact of publication shall be hnoivn. * * *”
"Whether the law-making body changed said sec. 3884 because they considered that section as only authorizing the printer or publisher to make said affidavit, or whether they considered that part of said section as ambiguous and uncertain, is immaterial and unnecessary to consider, in view of the conclusions we have reached. We do not think appellant can invoke the benefits of that part of the act of 1902 above quoted, because of the saving clause, sec. 237 found therein, which reads as follows:
“Nothing in this act shall be held to apply to, or in any manner affect, any assessment, levy, tax certificate, tax sale, tax deed, tax warrant, suit, lien, claim, demand, vested right, indictment, information, prosecution, trial, writ, warrant, writ of error, appeal, judgment, sentence or other proceedings, in any cause now pending in any courts of this state, had, brought, or to he brought under the provision of any law repealed by this act upon anything prior to the repeal of said acts or parts of acts hereby repealed, but the same shall be held, conducted, inquired of, prosecuted, litigated, adjudged and determined as provided for by the laws in force before and at the time this act takes effect. ’ ’
It will be observed that the tax deed involved in *525 this controversy was executed, delivered and recorded prior to tlie time of the passage of the act of 1902, and the levy, assessment, tax sale, and other proceedings and acts of the revenue officers, upon which said deed was founded, were all had and done prior to that time. In order that said deed could be considered as a valid conveyance of the property therein described, it was essential that, when its validity was challenged in the court below by appellee for the reason that no proper affidavit of publication of the notice of tax sale upon which it was founded had been executed and transmitted to the treasurer of the county, and that no such affidavit had ever been deposited by him with the county cleric of the county, the record should show the existence of such affidavit prior to, or at the time of the trial, and that it was, or had been, in the custody of the county cleric and recorder. The only kind of an affidavit of publication which would support this deed would be such as was required under the terms of said sec. 3884, which was the only statute in existence at the time the deed was executed and recorded, and the various proceedings were had which culminated in its issue.
We do not overlook the decisions of our supreme court which have held that it is sufficient if such affidavit has been made and filed with the county clerk at any time subsequent to the publication of the notice of sale, even though it be not so made and filed until the trial is in progress. But, whatever be the time of its execution and filing, it must be in accordance with the provisions and requirements of the statute in force at the time of the publication of the notice of sale, unless the law provides otherwise.
*526 Decided Jan. 8, 1912.
Rehearing granted March 11, A. D. 1912.
October 14, 1912, on reargument opinion adhered to.
It appears clear to us that when a title acquired by tax deed is challenged, as shown by the record here, for the want of a sufficient affidavit of publication, the owner must be prepared to show' that such affidavit has been executed and filed as required by law, in order to sustain the validity of his title, and that where the law required such affidavit to be transmitted to the treasurer of the county immediately after the publication of notice of sale he may not wait for years thereafter until some more favorable statute shall be passed, under the provisions of which he can readily furnish the affidavit, but which, under the former statute, he could not have furnished at all, or which would have been exceedingly difficult for him to have procured, and more particularly is this true under a saving clause such as was here enacted.
Being satisfied with what has been said by the court in the opinion rendered, and believing that th« affidavit of publication was not executed by a person authorized under the provisions of said sec. 3884, the former decision is adhered to.